IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KENNETH RAY LEE<br>AKA KENNETH RAY THOMPSON,<br><br>    Petitioner,<br><br>v.<br><br>STATE OF UTAH,<br><br>    Respondent. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS HABEAS CORPUS PETITION**<br><br>Case No. 2:12-cv-727 DB<br><br>District Judge Dee Benson |

Petitioner requests habeas-corpus relief. *See* 28 U.S.C.S. § 2254 (2013). After careful review of the parties' pleadings and arguments, the Court concludes that Petitioner is not entitled to a writ of habeas corpus because his petition is untimely. The Court therefore grants Respondent's motion to dismiss the petition.

## BACKGROUND

Petitioner was charged with Possession of a Dangerous Weapon by a Parolee, to be enhanced by the habitual criminal statute, and Burglary of a Vehicle. Petitioner was tried without a jury and found guilty on all counts. He was sentenced to an indeterminate prison term of 1-to-15 years for the weapon charge, 1 year for burglary of a vehicle, and 5-to-life on the habitual offender "charge."[1]

---

[1] This was an erroneous sentence, as explained below.

1

Petitioner appealed his conviction in 1988, arguing the evidence was insufficient to sustain the verdicts. The Utah Court of Appeals upheld Petitioner's convictions. *State v. Thompson*, No. 880158-CA, slip op. at 1 (Utah Ct. App. Nov. 2, 1988).

In 2007, the State moved under Utah Rule of Criminal Procedure 22 to correct Petitioner's sentence, recognizing that the habitual criminal statute was not a stand-alone charge, but rather an enhancement to the weapon charge. The trial court in the underlying criminal case corrected Petitioner's sentence, resentencing him "as of the date of his original sentence" to "one enhanced sentence of at least 5 years and possibly for life" on the weapon charge. *State v. Thompson*, No. 841915858, slip op. at 3 (Utah 2d D. Ct. Mar. 13, 2008). Thus, the trial court simply eliminated the improper sentence for the habitual criminal "charge," and instead enhanced the weapon charge. The trial court concluded that Petitioner's "expectations for release or parole will not be affected by correcting this sentence" because "[a]fter correcting the improper sentence, [Petitioner]'s term of imprisonment will be the same--5 years to life imprisonment." *Id.*

Petitioner timely appealed the trial court's correction of his sentence. However, he failed to file a docketing statement, as required by Utah appellate rules, and so his appeal was dismissed by the Utah Court of Appeals. *See State v. Lee*, No. 20080315-CA, slip op. (Utah Ct. App. Nov. 24, 2008). Petitioner had thirty days--until December 24, 2008--to file a petition for writ of certiorari with the Utah Supreme Court, but did not.

Nine days after the deadline with the Utah Supreme Court expired, on January 2, 2009, Petitioner filed state post-conviction pleadings. On April 27, 2008, determining Petitioner's

post-conviction claims were procedurally barred, the state post-conviction court dismissed the case.  The court stated that the main issues raised were identical to those raised in the Motion to Correct an Illegal Sentence and noted that Petitioner could or should have raised all his issues either on direct appeal or in the Rule 22(e) proceedings; thus, his claims were barred.  Further, citing Utah Code § 78B-9-107(1) (2013) (providing a one-year statute of limitations regarding post-conviction claims), the court dismissed the petition as time barred.  Petitioner missed the May 27, 2009 deadline for appealing this decision to the Utah Court of Appeals.

Petitioner waited 610 days (about 1.67 years), until January 27, 2011, to file a valid notice of appeal from the state post-conviction court's decision.  Because Petitioner's notice of appeal was filed outside the 30-day jurisdictional limit for appealing final orders, the Utah Court of Appeals dismissed the appeal on April 21, 2011.  *See Thompson v. State*, 2011 UT App 121, ¶3.  Petitioner did not petition for writ of certiorari in the Utah Supreme Court.

On July 12, 2012, Petitioner filed this federal petition for writ of habeas corpus.  Respondent answered, arguing the Petition is untimely.  In extensive pleadings contained on reams of paper, Petitioner both argued the merits of his case and the invalidity of the State's contentions.

### I.  THIS PETITION IS UNTIMELY.

A one-year period of limitation shall apply "to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C.S. § 2244(d)(1) (2013).  The one-year limitation period begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

3

review." *Id.* § 2244(d)(1)(A). The one-year limitation period may be tolled by time spent pursuing state collateral relief. *Id.* at 2244(d)(2) (providing that "time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection" (emphasis added)).

However, tolling does not revive the federal limitations period--that is, restart the clock at zero; it can serve to only pause a clock that has not already run out. *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Thus, any time between when Petitioner's resentencing became final and when he filed his petition for state post-conviction relief must be counted in the limitation period.[2] Further, any time between when the state post-conviction action concluded and before Petitioner's federal petition was filed must also be counted in the federal limitation period. State collateral review just tolls the one-year period, it does not delay its start. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001); *Harris v. Hutchinson*, 209 F.3d 325, 327-28 (4th Cir. 2000); *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998).

Put another way, time elapsed after finality, but before filing the state post-conviction petition, and time after final state post-conviction disposition, but before federal filing, aggregate to count against the year. *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) ("The state court's grant of leave to appeal out of time cannot erase the time period during which nothing was pending before a state court."); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999)

---

[2] For purposes of this Memorandum Decision, the Court assumes without deciding that Petitioner's sentence became final at the conclusion of the Rule 22(e) proceeding. Of course, the resentencing could not be said to revive any claims of ineffective assistance of counsel, as argued in the habeas petition, arising out of the underlying criminal case.

4

("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval"). Finality of a state-court judgment occurs at the expiration of time to petition for certiorari review, whether or not such review is sought. *Locke v. Saffle*, 237 F.3d 1269, 1271-73 (10th Cir. 2001).

Here, to recap the facts in correlation with period-of-limitation law, Petitioner appealed from the Rule 22(e) correction of his sentence. The appeal was dismissed on November 24, 2008. He did not file a petition for writ of certiorari in the Utah Supreme Court, and the time to do so expired on December 24, 2008. *See* Utah R. App. P. 48(a) (allowing thirty days to petition for writ of certiorari). The period of limitation thus started running on December 24, 2008, the day that Petitioner's time to petition for writ of certiorari to the Utah Supreme Court expired. The limitation period ran until Petitioner filed his state post-conviction petition on January 2, 2009. Between finality of his sentence and the state post-conviction petition, nine days elapsed.

The statute then tolled while the state post-conviction proceeding was pending. That proceeding concluded on April 28, 2009, when the case was dismissed. Time to appeal expired on May 28, 2009. *See* Utah R. App. P. 4(a) (providing jurisdictional thirty-day time limit to appeal final order). Although Petitioner did file a belated notice of appeal, the Utah Court of Appeals determined that it was untimely and that the court lacked jurisdiction to consider his appeal in 2011. *See Thompson,* 2011 UT App 121, at ¶ 3. The time until Petitioner tried to appeal from dismissal of the post-conviction petition thus does not toll the period of limitation because it was not "properly filed." 28 U.S.C.S. §2244(d)(2) (2013); *see also Butler v. Cain*,

5

533 F.3d 314, 317-18 (5th Cir. 2008) (holding federal period of limitation runs from expiration of time to seek appellate review including during pendency of late-filed appeal dismissed as untimely).

The period of limitation then continued to run after the first state post-conviction proceeding became final and expired. Petitioner filed his petition in this matter on July 12, 2012, or a total of 1142 days (3.13 years) after the state post-conviction action became final. Add the nine days and the clock ran for a total of 1151 days.³ This petition then comes at the very least 2.15 years too late, as illustrated by the following table:

| Number of Days Between Events | Event Starting Statute | Event Tolling Statute |
|---|---|---|
| **9 days** | Expiration of certiorari time from dismissal Rule 22(e) appeal. December 24, 2008. | Filing of first state post-conviction petition. January 2, 2009. |
| **3 year, 44 days** | Dismissal of state post-conviction petition, plus time to petition for certiorari. May 28, 2009. | Filing of federal habeas corpus petition. July 12, 2012. |
| **Total: 3 years, 53 days** | | |

## II. PETITIONER IS NOT ENTITLED TO EQUITABLE TOLLING

The federal one-year limitation period has been generally considered a procedural, not a jurisdictional, bar. This means it can, in the appropriate exceptional circumstance, be equitably tolled. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

---

3 Even if this Court tolled the limitation period during the untimely appeal from the dismissal of the state post-conviction petition, Petitioner's appeal was dismissed on April 23, 2011, and his time to petition for a writ of certiorari in the state supreme court expired on May 22, 2011, a year and 50 days before Petitioner filed his Federal petition. This petition would still be untimely under that calculation.

### A. Petitioner has not met his burden of proof to establish equitable tolling.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances [beyond his control] stood in his way." *Pace*, 544 U.S. at 418. This occurs "only in rare and exceptional circumstances." *Gibson*, 232 F.3d at 808 (quotation marks & citation omitted); *see Fisher*, 262 F.3d at 1143. Those circumstances include when a "prisoner is actually innocent" or "when an adversary's conduct--or other uncontrollable circumstances-- prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson*, 232 F.3d at 808. Petitioner's arguments amount to neither actual innocence nor a showing that exceptional or uncontrollable circumstances prevented him from timely filing. He has not acknowledged his untimeliness, let alone sought to justify application of equitable tolling to excuse his late filing.

### B. Petitioner's *pro se* status does not entitle him to equitable tolling.

The fact that Petitioner is acting *pro se* is insufficient grounds for equitable tolling. Liberal construction of *pro se* pleadings does not mean liberal deadlines. *Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002); *Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999). Deficiencies related to a petitioner's ignorance does not allow for equitable tolling. *Marsh*, 223 F.3d at 1220. And, Petitioner's unfamiliarity with the one-year limitation period is not a ground for equitable tolling. *Miller*, 141 F.3d at 978. The United States Supreme Court has stated that it has never found *pro se* representation or procedural ignorance to be an excuse for lack of diligence. *Johnson v. United States*, 544 U.S. 295, 311 (2005).

Also, the argument that a prisoner "had inadequate law library facilities" does not support equitable tolling. *McCarley v. Ward*, Nos. 04-7114, 04-7134, 2005 U.S. App. LEXIS 14335, at *3-4 (10th Cir. July 15, 2005); *see also Miller*, 141 F.3d at 978 ("It is not enough to say that the . . . facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."). Further, simply put, "'[t]here is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.'" *Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 1213, 1222 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991 (citations omitted)); *see also* 28 U.S.C.S. 2254(i) (2013) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). It follows that Petitioner's contention that the prison contract attorneys' misinformation thwarted his habeas filings does not toll the period of limitation. See Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) ("An attorney's miscalculation of the limitations period or mistake is not a basis for equitable tollig.").

**C. Petitioner's request for equitable tolling does not constitute exceptional circumstances.**

Petitioner tries to show that "uncontrollable circumstances" prevented him from filing his petition within the limitation period, despite his allegedly diligent attempts to obtain review by the Utah Supreme Court, by reciting his history of trying to obtain a writ of certiorari from that court after the Utah Court of Appeals dismissed his appeal from the dismissal of his state post-conviction petition. Petitioner characterizes his inability to file a petition for writ of certiorari as

8

stemming from the Utah courts' interference with his motions, specifically asserting that the Utah Supreme Court Clerk, with deliberate indifference and evil intent, refused to let his friends pay his filing fee. But Petitioner's own exhibits belie this assertion, showing instead that the Supreme Court refused to accept his petition for certiorari, along with the filing fee, because his appeal in the Utah Court of Appeals was dismissed for lack of jurisdiction.

Rather than establishing that he diligently pursued his remedies but was foreclosed from doing so by forces outside his control, Petitioner has only established that he waited too long to appeal the dismissal of his post-conviction petition.  And he has alleged nothing that explains his delay in seeking appellate remedy from the dismissal of his state petition.  Even if he could establish that circumstances outside of his control prevented him from properly seeking certiorari review, he has not addressed his delay in seeking appellate review in the first place.

He also claims that unnamed prison officials kept him from asserting unspecified claims in 1984.  Because Petitioner does not elaborate on who did what, or provide any hint of evidence, it is impossible to evaluate this claim.  He further does not address why he waited until 2012 to bring in federal court claims that he was aware of as early as 1984.

During the running of the federal period of limitation and beyond, Petitioner took no steps himself to "diligently pursue his federal claims."  In fact, all Petitioner's excuses are undercut by the fact that he was able to file and pursue a direct appeal of his criminal conviction, argument in the Rule 22 proceedings, an appeal of the denial of Rule 22 relief, and a state post-conviction challenge after his resentencing.  This Court itself has received from Petitioner an impressively thick stack of factual information, legal citation, and analysis of the law and the

facts on each and every single point of greater or lesser significance.  All this has been supported by copious exhibits.  Indeed, the Court cannot think of one stone Petitioner has left unturned in trying to get his conviction overturned in federal court.  Still his lack of diligence in following through on various "next steps," in a timely fashion is what ultimately tripped him up in state court.  Despite what appears to be the work of a savvy litigant, Petitioner's occasional lapses are what derailed his quest for habeas relief.  In sum, none of the circumstances raised by Petitioner rendered it beyond his control to timely file his petition here.

### D. Petitioner does not adequately assert actual innocence.

Finally, the Court addresses Petitioner's contention that the period of limitation should be tolled because he is actually innocent.  "[T]o claim actual innocence a petitioner must present new, reliable evidence that was not presented at trial. Such evidence typically consists of 'exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.'"  *Rose v. Newton-Embry*, No. 05-6245, 2006 U.S. App. LEXIS 22713, at *4-5 (10th Cir. Sept. 5, 2008) (unpublished) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)), *cert. denied*,  127 S. Ct. 2039 (2007).

Petitioner suggests no meritorious claim of actual innocence that could except him from the period of limitation.  He merely supposes that because this Court does not have access to his 1984 trial transcript it must necessarily question the accuracy of the guilty verdict.  The lack of a trial transcript is not newly discovered evidence.  Further, Petitioner took his opportunity on direct appeal to challenge the sufficiency of the evidence, while the trial transcript was still around.

Petitioner goes on to misperceive that the 2008 Rule 22(e) correction-of-sentence ruling constitutes newly discovered evidence in that it allegedly shows ineffective assistance of counsel at his 1984 criminal proceedings. However, the correction-of-sentence proceedings in no way addressed Petitioner's guilt. They addressed only the procedural matter of how his sentencing was characterized. It was essentially a clerical correction, which had no substantive effect on his sentence. There is no new evidence raised by Petitioner; he misunderstands the term "newly discovered evidence."

Petitioner bears the burden of proving his claim of actual innocence. *See Pace*, 544 U.S. at 418. He has not met that burden by invoking the words "actual innocence," as if they had some independent talismanic significance. Petitioner has not even suggested a theory of innocence, let alone proved that he is actually innocent.

On the contrary, the Utah Court of Appeals affirmed the sufficiency of the evidence of his guilt on direct review of his conviction. That court's factual determination stands as the only available assessment of the evidence of Petitioner's guilt, and Petitioner himself has provided neither evidence nor assertion contrary to that determination.

Petitioner's mere rehashing of the evidence and alleged violations of his civil rights do nothing to convince this Court that the exception applies. Indeed, the kernel of the Court's analysis regarding actual innocence is not whether Petitioner is factually innocent. This factual innocence must also be supported with new evidence, which Petitioner has not provided.

## CONCLUSION

Accordingly, the current petition before the Court was filed past the one-year period of limitation. And, it appears neither statutory exceptions nor equitable tolling, including Petitioner's allegation of actual innocence, apply to save Petitioner from the period of limitation's operation.

IT IS ORDERED that Respondent's motion to dismiss this habeas-corpus petition is GRANTED. (*See* Docket Entry # 18.) This case is **CLOSED**.

DATED this 26th day of September, 2013.

BY THE COURT:

_____
JUDGE DEE BENSON
United States District Court